JOHN V. MEJIA, ESQ.  CA BAR NO. 167806
**SCRANTON LAW FIRM**
*A Professional Corporation*
2450 Stanwell Drive
Concord, CA 94520
(925) 288.6858
(925) 676.9999
johnm@scrantonlawfirm.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN ECKLE, as Successor in Interest of the ESTATE OF DIEDRE ECKLE, and individually,<br><br>Plaintiffs,<br><br>vs.<br><br>ALASKA RIDERS , LLC; and CHRISTOPHER PAULSON,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR WRONGFUL DEATH, SURVIVOR ACTION, AND NEGLIGENCE PURSUANT TO 28 U.S.C. § 1332**<br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.  Plaintiffs JOHN ECKLE, as Successor in Interest of the ESTATE OF DIEDRE ECKLE ("ESTATE"), and JOHN ECKLE, an individual, bring this action for wrongful death, survivor action, and negligence against Defendant ALASKA RIDERS, LLC; and Defendant CHRISTOPHER PAULSON (collectively "Defendants") for their failure to properly inspect, maintain, and make safe a Harley Davidson Motorcycle that Plaintiff JOHN ECKLE and his deceased wife, DIEDRE ECKLE, rented from Defendants ALASKA RIDERS, LLC; and CHRISTOPHER PAULSON on or about August 3, 2017.

2.  On August 3, 2017, with the rented motorcycle owned by Defendants, JOHN ECKLE and DIEDRE ECKLE rode from Defendants' place of business in Skagway, Alaska, and drove into Canada.  On their way back to Skagway, Alaska, the kickstand on the Harley-

Case 1:19-cv-00011-HRH   Document 1   Filed 08/01/19   Page 1 of 8

Davidson Motorcycle came down from its upward position while they were trying to maneuver through a left curve in the roadway on the Klondike Highway, in Canada. While trying to ride the motorcycle through the left hand turn curve, the kickstand came down at a 90 degree angle, and prevented JOHN ECKLE and DIEDRE ECKLE from banking and turning the motorcycle toward the left while they were on the curve. Because JOHN ECKLE and DIEDRE ECKLE were unable to drive through the curve, the Harley-Davidson Motorcycle ran off the roadway, resulting in the death of DIEDRE ECKLE , and resulting in personal injuries to Plaintiff JOHN ECKLE.

## II. JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

4. This Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332, as this case involves a dispute between Plaintiffs, United States Citizens, California residents, and Defendants, a limited liability company based in the State of Alaska, and an individual Defendant who is a resident of the State of Alaska, and the amount in controversy exceeds the jurisdictional minimum of this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 1391(b)(3), because a substantial part of the events or omissions giving rise to the claim occurred in the District of Alaska, because Defendants are subject to personal jurisdiction in the District of Alaska, and because Defendants have sufficient contacts with the State of Alaska because it does business and/or commerce in Alaska, and individual Defendant CHRISTOPHER PAULSON resides in the State of Alaska.

## III. PLAINTIFFS AND DECEDENT

6. Plaintiffs JOHN ECKLE, as Successor in Interest of the ESTATE OF DIEDRE ECKLE, and JOHN ECKLE, an individual, are residents of the State of California. Plaintiff

JOHN ECKLE is a United States Citizen.

7. DIEDRE ECKLE ("DIEDRE"), deceased, was at all times relevant to this claim a resident of the State of California, and a United States Citizen. DIEDRE was the wife of Plaintiff JOHN ECKLE. At the time of her death, DIEDRE was a kind, smart and hard-working 56 year old woman, and a loving mother and wife.

**IV. DEFENDANTS**

8. Defendant ALASKA RIDERS, LLC., is a limited liability company, which at the time of the incident was domiciled in and existing under the laws of the State of Alaska. Defendant ALASKA RIDERS, LLC is, and at relevant times was, registered with the State of Alaska Department of Commerce as doing business in the State of Alaska, with its principal place of business located at 435 Broadway, Skagway, Alaska 99840. Apparently, on or about September 8, 2018, the State of Alaska issued a Certificate of Involuntary Dissolution/Revocation to Defendant ALASKA RIDERS, LLC.

9. Defendant CHRISTOPHER PAULSON, an individual, is a resident of the State of Alaska, and is also the owner of Defendant ALASKA RIDERS, LLC.

**V. FACTUAL BACKGROUND**

10. On August 3, 2017, Plaintiffs rented a Harley-Davison Motorcycle from Defendants in Skagway, Alaska. With the rented motorcycle owned by Defendants, JOHN ECKLE and DIEDRE ECKLE, rode from Defendants' place of business in Skagway, Alaska, and drove into Canada. On their way back to Skagway, Alaska, the kickstand on the Harley-Davidson Motorcycle came down from its upward position while JOHN ECKLE and DIEDRE ECKLE were trying to maneuver through a left curve in the roadway on the Klondike Highway, in Canada. While trying to ride the motorcycle through the left hand turn curve, the kickstand came down at a 90 degree angle, and prevented JOHN ECKLE and DIEDRE ECKLE from banking and turning the motorcycle toward the left while they were on the curve. Because JOHN ECKLE and DIEDRE ECKLE were unable to drive through the curve, the Harley

Davidson Motorcycle ran off the roadway, resulting in the death of DIEDRE ECKLE, and resulting in personal injuries to Plaintiff JOHN ECKLE.

## VI.  CAUSES OF ACTION

**FIRST CAUSE OF ACTION - General Negligence Sounding In Wrongful Death Against All Defendants**

11. Plaintiffs repeat and reallege each and every allegation of paragraphs 1-10 above, and incorporate them by reference as if fully set forth in detail herein.

12. Plaintiffs allege, that at all times relevant herein, Defendants, and each of them, owned, operated, maintained, and/or controlled the Harley-Davidson Motorcycle that Plaintffs rented on or about August 3, 2017, and were riding at the time of Diedre Eckle's death.

13. Plaintiffs allege, that at all times relevant herein, Defendants, and each of them, acted negligently, carelessly, recklessly, and/or unlawfully in the upkeep, inspection, and maintenance of the Harley-Davidson motorcycle that Plaintiffs rented from Defendants.

14. Plaintiffs allege, that at all times relevant herein, Defendants had a duty and obligation to inspect and make safe the Harley-Davidson Motorcycle that Plaintiffs rented from Defendants.  Defendants failed to uphold their duty of care.

15. Plaintiffs are informed and believe, and based thereon allege, that the aforementioned acts and/or omission by Defendants, and each of them, was the cause of the kickstand on the Harley-Davidson to come down from its upward position while Plaintiffs were trying to maneuver through a left curve in the roadway on the Klondike Highway, which prevented Plaintiffs from banking and turning the motorcycle toward the left while they were on the curve.  Because Plaintiffs were unable to drive through the curve, the Harley-Davidson Motorcycle ran off the roadway, resulting in the death of DIEDRE ECKLE.

16. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, DIEDRE ECKLE was injured and died from her injuries.  The Defendants' failure to maintain and properly inspect the Harley Davidson Motorcycle created a substantial risk of injury and death, and led to the death of Diedre Eckle.  Defendants breached their duty to

1 | exercise ordinary and/or reasonable care in the upkeep, inspection, and maintenance of the Harley-Davidson Motorcycle.

17. As a further direct and legal result of the negligent and wrongful acts set forth above, Plaintiff JOHN ECKLE suffered extreme emotional distress, including nervousness, grief, anxiety, worry, mortification, shock, indignity, apprehension, terror and ordeal, all in an amount to be determined.

18. As a further direct and legal result of the negligent and wrongful acts set forth above, Plaintiff JOHN ECKLE suffered and continue to suffer loss of love, society, solace, companionship, comfort, care, assistance, protection, affection, society, and moral support, all in an amount to be determined.

19. As a further direct and legal result of the negligent and wrongful acts set forth above, Plaintiff JOHN ECKLE suffered a loss of Decedent's earnings and/or earning capacity, all in an amount to be determined.

20. As a further direct and legal result of the negligent and wrongful acts set forth above, Plaintiffs have incurred funeral, burial, and transportation expenses, all in an amount to be determined.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION - General Negligence Sounding In Survivor Action Against All Defendants**

21. Plaintiffs repeat and reallege each and every allegation of paragraphs 1-20 above, and incorporates them by reference as if fully set forth in detail herein.

22. On August 3, 2017, and prior to her death, the foregoing cause of action arose in DIEDRE ECKLE'S favor. Since her death, JOHN ECKLE has served as representative for the ESTATE and is authorized as successor in interest with respect to his interest in the property that was damaged, lost, or destroyed in this tragic incident, to pursue any and all legal claims for damages related thereto, and to recover damages for expenses incurred related to medical and/or emergency services related to this incident.

23. At all times prior to this incident, Defendants, and each of them, negligently, carelessly, recklessly, and/or unlawfully acted and/or failed to act, including but not lmited to failing to perform mandatory duties, so as to cause the death of DIEDRE ECKLE.

24. As a direct and legal result of the wrongul acts and/or omissions of Defendants, and each of them, on August 3, 2017, and immediately prior to DIEDRE ECKLE'S death, expenses were incurred for emergency and medical services.

25. As a further direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, DIEDRE ECKLE also endured great pain and suffering from the incident before dying.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**THIRD CAUSE OF ACTION - General Negligence Against All Defendants**

26. Plaintiff JOHN ECKLE repeats and realleges each and every allegation of paragraphs 1-25 above, and incorporates them by reference as if fully set forth in detail herein.

27. Plaintiff JOHN ECKLE alleges, that at all times relevant herein, Defendants, and each of them, owned, operated, maintained, and/or controlled the Harley-Davidson Motorcycle that Plaintiffs rented on or about August 3, 2017.

28. Plaintiff JOHN ECKLE alleges, that at all times relevant herein, Defendants, and each of them, acted negligently, carelessly, recklessly, and/or unlawfully in the upkeep, inspection, and maintenance of the Harley-Davidson Motorcycle that Plaintiff rented from Defendants.

29. Plaintiff JOHN ECKLE alleges, that at all times relevant herein, Defendants had a duty and obligation to inspect and make safe the Harley-Davidson Motorcycle that Plaintiff rented from Defendants. Defendants failed to uphold their duty of care.

30. Plaintiff JOHN ECKLE is informed and believes, and based thereon alleges, that the aforementioned acts and/or omission by Defendants, and each of them, was the cause of the kickstand on the Harley-Davidson to come down from its upward position while Plaintiff was trying to maneuver through a left curve in the roadway on the Klondike Highway. While trying

to ride the motorcycle through the left hand turn curve, the kickstand came down at a 90 degree angle, and prevented Plaintiff JOHN ECKLE from banking and turning the motorcycle toward the left while they were on the curve.  Because Plaintiff JOHN ECKLE was unable to drive through the curve, the Harley-Davidson Motorcycle ran off the roadway, resulting in personal injuries to Plaintiff JOHN ECKLE.

31. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and each of them, JOHN ECKLE suffered personal injuries.  The Defendants failed to maintain and properly inspect the Harley Davidson Motorcycle, which created a substantial risk of injury. Defendants breached their duty to exercise ordinary and/or reasonable care in the upkeep, inspection, and maintenance of the Harley Davidson Motorcycle.

32. As a further direct and legal result of the Defendants' conduct, Plaintiff JOHN ECKLE sustained special and economic damages, including but not limited to, past and future medical expenses and past and future loss of earnings and earning capacity.  Furthermore, Plaintiff JOHN ECKLE sustained general, non-economic damages including but not limited to, physical pain and suffering, physical disfigurement, physical impairment, mental anguish, inconvenience, embarrassment, and lowered quality of life.

WHEREFORE, Plaintiff JOHN ECKLE prays for relief as set forth below.

### VII.  PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray judgment against Defendants as hereinafter set forth below.

1. For compensatory and general damages according to proof;
2. For past and future medical, incidental and service expenses according to proof;
3. For pre- and post-judgment interest on all damages as allowed by the law;
4. For attorneys and expert/consultant fees under existing law;
5. For costs of suit incurred herein; and

1     6.     For such other and further relief as the Court may deem just
2         and proper.

DATED: July 30, 2019                      SCRANTON LAW FIRM

By: /s/ JOHN V. MEJIA
JOHN V. MEJIA, ESQ.
SCRANTON LAW FIRM
2450 Stanwell Drive
Concord, CA 94520
johnm@scrantonlawfirm.com
Attorneys for Plaintiffs

## VIII. JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

DATED: July 30, 2019                      SCRANTON LAW FIRM

By: /s/ JOHN V. MEJIA
JOHN V. MEJIA, ESQ.
SCRANTON LAW FIRM
2450 Stanwell Drive
Concord, CA 94520
johnm@scrantonlawfirm.com
Attorneys for Plaintiffs